In re Estate of B. Stepan, Deceased.
On Appeal of Madlena Stepan, Executrix, Appellant, v. Rosa Svoboda, Appellee.

### Gen. No. 17,046.

1. FRATERNAL BENEFICIARY SOCIETIES—*waiver of limitation as to beneficiaries.*   Where a fraternal beneficiary organization has issued a certificate to a member, wherein it agreed to pay the benefit on the death of such member to a cousin of the member's husband, and the statute of Ohio under which the society was organized provides that "payment of death benefits shall be confined to the family, heirs, relatives by blood, marriage or legal adoption, affianced husband or affianced wife, or to a person or persons dependent upon such members," and the by-laws of the society restrict such beneficiaries to the "rightful heirs" of the member, the society waives such limitation in its by-laws by promising to pay the benefit to such beneficiary and by making the check payable to the joint order of such beneficiary and the widower of the member, and when such widower has obtained possession of the money, he and his executrix cannot be heard to invoke the limitation in the by-laws as a ground for withholding the money from the beneficiary, in an action for money had and received,

the latter being, under the organic Ohio law, a relative by marriage of such member.

2. ASSUMPSIT—*money had and received.* An action for money had and received will lie whenever one person has received money which in justice belongs to another and which in justice and right should be returned.

3. INTEREST—*remittitur.* Where the amount of interest wrongfully allowed can be determined, a remittitur will be required as a condition to affirmance.

Appeal to the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed upon remittitur otherwise reversed and remanded. Opinion filed March 13, 1913.

CHARLES R. YOUNG, for appellant Madlena Stepan.

DEWITT C. JONES, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal from the judgment of the Circuit Court allowing the claim of Rosa Svoboda, appellee, against the estate of Bartholomej Stepan, deceased. The case was tried by the court on a stipulation of facts. In July, 1906, Marie Stepan, wife of Bartholomej Stepan, became a member of the Bohemian Roman Catholic First Central Union of Women (hereinafter called the Society), a fraternal organization incorporated under the laws of Ohio, and received from it the certificate of such Society, in and by which the Society agreed upon the death of said Marie Stepan to pay the sum of $1,000 to Rosa Svoboda, appellee, described in said certificate as, "My Cousin." In April, 1908, Marie Stepan died, and both Bartholomej Stepan, the husband, and Rosa Svoboda claiming the death benefit, the Society paid it by a check payable to the joint order of the two claimants. By some arrangement between the claimants Stepan got possession of the money, although Rosa Svoboda claimed it but never received any of it. Rosa Svoboda

Stepan    v. Svoboda, 178 Ill. App. 227.

and Stepan are cousins by blood.  He died in October, 1908, and thereupon she filed her claim against his estate for $1,000, which was allowed by the Circuit Court.

Appellant claims that this judgment was wrong for the reason that under the by-laws of the Society appellee could not receive the death benefit.  The provision of the by-laws referred to is as follows: ''Upon the death of a fellow member who is entitled to a death benefit the Women's Roman Catholic Central Union will pay to the rightful heirs of the deceased, such amount as has been fixed at the last regular convention.''  Hence it is said that appellee not being one of the ''rightful heirs'' of Marie Stepan, she cannot receive the death benefit.  That the law of Ohio controls the construction to be given the certificate is argued by both counsel.  The provision of the Ohio statute touching beneficiaries in such organizations is as follows: ''The payment of death benefits shall be confined to the family, heirs, relatives by blood, marriage or legal adoption, affianced husband or affianced wife, or to a person or persons dependent upon such members.''

Appellee was a relative by marriage of Marie Stepan, and therefore, in our opinion, should come within one of the classes of persons which under the organic law of the Society were entitled to be named as the recipients of death benefits.  Conceding the right of the Society to adopt the by-law above set out, thereby restricting the beneficiaries to the classes named therein, yet the Society retained the right to waive any provision of the by-law and do any act not inhibited by the statute.  In this case the Society waived any limitation the words ''rightful heirs'' might convey, and promised to pay the death benefit to appellee, a relative by marriage of Marie Stepan. They also did in effect pay the money to appellee, although jointly with Bartholomej Stepan, thus again

waiving any limitation as to her, implied from the language of the by-law. The society having never invoked the by-law as a ground for declining to pay appellee, but by its affirmative acts having waived any claim of ineligibility as to her, appellant cannot be heard to invoke the limitations contained in the by-law as a ground for withholding the money from her. In our opinion this is the controlling question involved.

This is a suit for money had and received, and as the Supreme Court said in Wilson v. Turner, 164 Ill. 398 (403): "An action for money had and received will lie whenever one person has received money which, in justice, belongs to another, and which, in justice and right, should be returned."

The judgment of the Circuit Court was right, although we are not of the opinion that interest should have been allowed. As this is a case where the amount of the interest can be determined, the order will be that if appellee shall within ten days after the filing of this opinion enter a remittitur of $75, the judgment will be affirmed; otherwise the judgment will be reversed because of the error in the allowance of interest.

*Affirmed upon remittitur; otherwise reversed and remanded.*